IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD GEORGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 08-cv-3799 |
| | ) |
| KRAFT FOODS GLOBAL, INC., et al., | )   Hon. Ruben Castillo |
| | ) |
| Defendants. | ) |

## INITIAL JOINT STATUS REPORT

COME NOW the parties, by and through their respective attorneys, and submit this Initial Status Report with respect to the above-captioned matter:

### A. Nature of the Case

Bases for jurisdiction, nature of the claims and counterclaims: This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1)(2). Plaintiffs bring this action pursuant to ERISA §§ 502(a)(2) & (3), 29 U.S.C. § 1132(a)(2) & (3).

    1.    Relief sought by plaintiff, including computation of claimed damages, if available: Plaintiffs seek both monetary and equitable relief against defendants. No computation of monetary relief is available at this time. Defendants dispute that plaintiffs are entitled to the relief they seek as a matter of law or fact.

    2.    Names of any parties that have not been served: N/A

    3.    Major legal issues: The major legal issues presented in this case are whether defendants breached their fiduciary duties under ERISA by failing to act in the exclusive best interests of the plan participants and, if so, what relief should be ordered. Defendants have filed motions to dismiss. In the motions to dismiss, defendants argue: (i) all of the claims asserted against the defendants are barred by the statute of limitations; (ii) plaintiffs have failed to state an ERISA disclosure claim because ERISA does not require additional disclosures beyond those made by the Plan; (iii) the fiduciary immunity provisions of ERISA § 404(c) insulate the defendants from all of plaintiffs' fiduciary breach claims; (iv) plaintiffs have failed to allege facts to support the assertion that certain defendants acted in a fiduciary capacity with respect to the claims asserted in the Complaint; (v) plaintiffs have failed to state a claim for violation of

ERISA's prohibited transaction rules; (vi) to the extent some of plaintiffs' claims are duplicative of their claims in a prior case, they should be dismissed; and (vii) plaintiffs' pleading fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs deny these allegations and contend that dismissal is inappropriate. Plaintiffs will file timely responses to the motions to dismiss.

4.  Major factual issues: Major factual issues include the actions of the named and/or functional fiduciaries of the defined contribution plan at issue known as the "Thrift Plan," whether those actions and/or inactions constituted breaches of their fiduciary duties under ERISA, and what damages were suffered by the Thrift Plan as a result of any violation of ERISA. The Kraft defendants' contend that plaintiffs' claims against them are limited to issues relating to the Plan's offering participants two particular investment options. The Kraft defendants deny that all of the Kraft defendants are fiduciaries and further deny that they breached any fiduciary duties. The Altria defendants deny that they were fiduciaries and further deny that they breached any fiduciary duties.

5.  Citations to <u>key</u> authorities which will assist the Court in understanding and ruling on the issues: Plaintiffs identify the following cases: *George I* (Magistrate Judge Sidney Schenkier) - Order of March 20, 2008, granting the Kraft Defendants' motion to strike Plaintiffs' jury demand; *Gerald George, et al., v. Kraft Foods Global, Inc., et al.* Case No. 07-CV-1713 (hereinafter "George I") (Magistrate Judge Sidney Schenkier) - Order of July 17, 2008, granting Plaintiffs' motion for class certification in ERISA claim similar to some of the claims at issue here; *Harzewski v. Guidant Corp.* 489 F.3d 799 (7th Cir. 2007) (setting out fiduciary duties under ERISA); *Tussey v. ABB Inc.*, No. 06-04305, Memorandum And Order Doc. 209, 2008 WL 379666 (W.D.Mo. Feb. 11, 2008 ) (denying defendant's motion to dismiss based on §404(c), *inter alia*); *Taylor v. United Tech. Corp.*, No. 06-1494, Ruling on Defendants' Motion to Dismiss Doc. 87 (D.Conn. Aug. 9, 2007) (denying defendants' motion to dismiss claims similar to those at issue here). Defendants identify the following cases: *George I* (Magistrate Judge Sidney Schenkier) - Order of March 20, 2008 (granting the Kraft Defendants' motion to strike Plaintiffs' jury demand); *DeBruyne v. Equitable Life Assurance Soc'y,* 920 F.2d 457, 465 (7th Cir. 1990) (discussing the general fiduciary duty obligations and dismissing plaintiffs' claims for failure to show evidence of imprudence); *Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 312 (5th Cir. 2007) (denying class certification for similar ERISA claims); *Hecker v. Deere*

*& Co.*, 496 F.Supp.2d 967, 975 (W.D. Wis. 2007) (dismissing plaintiffs' breach of fiduciary duty claim where defendants complied with all requisite disclosure obligations under ERISA and where ERISA § 404(c) insulated the plan's fiduciaries from liability where plaintiffs had directed their own investments) (appeal pending); *Young v. General Motors Inv. Mgmt. Corp.,* 550 F.Supp.2d 416, 419 (S.D. NY 2008) (dismissing plaintiffs' complaint for breach of fiduciary duty on timeliness grounds) (appeal pending).

**B. Preparation of Draft Scheduling Order**

Outline of the scheduling order required by Fed. R. Civ. P. 16(b):  Plaintiffs assert that given the similarities of this case with *George I*, they reasonably believe that the scheduling of this case may be expedited.  Plaintiffs believe discovery may be completed in three (3) months with no extraordinary procedures for complex or protracted discovery necessary.  Plaintiffs reasonably believe this case can be ready for trial by the Spring of 2009.  The parties anticipate the use of experts.  Defendants believe that discovery should be stayed pending resolution of defendants' motions to dismiss.  If any claims still rest before this Court following resolution of those motions, then a discovery schedule should be set at that time.  Once discovery commences, the Altria defendants believe discovery should be bifurcated to first pursue class discovery and then merits discovery.  Plaintiffs oppose Altria's belief regarding class discovery in light of class certification in *George I.*

**C. Trial Status**

1. Whether or not a jury has been requested:  Yes.  Plaintiffs have requested a jury trial; it is the defendants' position that no jury trial is permitted.

2. Probable length of the trial: Ten (10) days

**D. Consent to Proceed Before a Magistrate Judge**
Whether or not the parties will consent to proceed before a Magistrate Judge for all proceedings including trial:  The parties are currently considering whether or not to consent to proceed before Magistrate Judge Schenkier, who is presiding over *George I.*  At present, the defendants have not consented to proceeding before Magistrate Judge Schenkier.

**E. Settlement Status**

Whether or not settlement discussions have been held and the status of those discussions, if any: No settlement discussions have been held and to do so at this time would be unproductive.

Respectfully submitted by:
 /s/ **Nelson G. Wolff**  (by consent)
Jerome J. Schlichter
Nelson G. Wolff
Troy A. Doles
SCHLICHTER, BOGARD & DENTON
120 W. Main Street, Ste 208
Belleville, IL 62220
100 South Fourth Street, Ste. 900
St. Louis, MO 63102
Tel: 314-621-6115
Fax: 314-621-7151
Lead Counsel for Plaintiffs

Meites, Mulder, Mollica & Glink
Thomas R. Meites
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
Tel: 312-263-0272
Fax: 312-263-2942
Local Counsel for Plaintiffs


 /s/ Amanda A. Sonneborn
Ronald J. Kramer (rkramer@seyfarth.com
Ian H. Morrison (imorrison@seyfarth.com)
Amanda A. Sonneborn
(asonneborn@seyfarth.com)
Sam Schwartz-Fenwick
(sschwartz@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603-5577
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)
Attorneys for Kraft Defendants


 /s/ Sheri D. Davis (by consent)
Steven R. Gilford (sgilford@proskauer.com)
Sheri D. Davis (sdavis@proskauer.com)
PROSKAUER ROSE LLP
222 S. Riverside Plaza, 29th Fl.
Chicago, IL 60606
312-962-3550 (telephone)
Attorneys for Altria Defendants

4