IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD GEORGE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) No: 08 CV 3799 |
| v. | ) |
| | ) Judge Ruben Castillo |
| KRAFT FOODS GLOBAL INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' SECOND AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully move that the Court certify Count III of their Second Amended Complaint as a class action under Fed.R.Civ.P. 23(b)(1). Alternatively, Plaintiffs seek certification under Fed.R.Civ.P. 23(b)(3). In support of this Motion, Plaintiffs incorporate their Memorandum In Support Of Second Amended Motion for Class Certification, including the exhibits and declarations to same, filed herewith and state the following:

1. Plaintiffs are current or former participants in the Kraft Foods Global, Inc. 401(k) Thrift Plan (the "Plan"). R. 255 at 3 (Mem. Opinion and Order) (citing R. 216 ¶ 96). The Plan is a defined contribution plan under ERISA. *Id.* (citing R. 216 ¶ 3); 29 U.S.C. §1002(34).

2. Between 1994 and 2010 the Plan has had between 28,000 and 55,000 participants and between $1.5 and $5.4 billion in assets. *Id.* (citing R. 216 ¶ 3). Plan participants are allowed to invest their pre-tax and post-tax contributions to the Plan in any of the investment options included in the Plan. *Id.* at 4 (citing R. 216 ¶ 7). Those options, however, are limited to what an entity designated by the Plan document as the "Investment Committee" decides to include in the Plan. *Id.* (citing R. 216 ¶ 14); *id.* at 3 (citing R. 216 ¶ 5). The same Investment Committee also controls the investments of defined benefit pension plans ("Defined Benefit Plans") sponsored by Kraft or its former parent corporation Altria (Defined Benefit Plans). *Id.* at 3 (citing R. 216 ¶ 5).

Defendants acknowledged that they owed the same level of care and diligence in discharging their duties to the Plan as they did to the Defined Benefit Plans. R. 211 ¶ 10.

3. Defendants—Kraft Foods, Inc., Kraft Foods Global Inc., its committees and individual members and Altria Corporate Services Inc. and its committees—are the entities Plaintiffs contend acted formally or effectively as the Investment Committee and committed the fiduciary breaches at issue in this action. *Id.* ¶¶ 3-7.

4. Plaintiffs contend Defendants breached their fiduciary duties by retaining the actively managed Growth Equity Fund and Balanced Fund as plan investment options even though they had stopped using such active management in the Defined Benefit Plan because of their experience with the futility of searching for consistently outperforming active investment managers. R. 255 at 29–30, 32.[1]

5. Pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs move for the certification of two classes, the Growth Equity Fund class and the Balanced Fund class.

6. Plaintiffs move for certification of the following Growth Equity Fund Class for their claims regarding Defendants' breach in failing to replace that actively managed mutual fund with a passively managed prudent alternative:

> a. All participants or beneficiaries of the Kraft Foods Global, Inc. Thrift Plan No. 125 who invested in the Growth Equity Fund between July 2, 2002 and June 30, 2005, and whose investment underperformed the Russell Small Cap Completeness Index. Excluded from the class are the Defendants and all of their officers and directors (named or unnamed).

Alternatively, Plaintiffs seek certification of this class:

---

[1] In light of the Court's summary judgment order, Plaintiffs' claims at the time of the filing of this Second Amended Motion for Class Certification are limited to Defendants' breach in failing to remove these claimed imprudent investment options after July 1, 2002. *Id.* at 30. Plaintiffs limit their class certification motion to claims as currently limited by the Court without waiving their right to appeal the adverse aspects of the order.

      b. All participants or beneficiaries of the Kraft Foods Global, Inc. Thrift Plan No. 125 who invested in the Growth Equity Fund between July 2, 2002 and June 30, 2005, and whose investment underperformed the passively managed Vanguard Mid Cap Index Fund. Excluded from the class are the Defendants and all of their officers and directors (named or unnamed).

7. Plaintiff Cathy Dunn is a member of the Growth Equity Fund class and the representative of that class because she was invested in the Growth Equity Fund during the class time period. R. 237 at *1–16.[2]

8. Plaintiffs also move for certification of the following Balanced Fund Class for their claims regarding Defendants' breach in failing to replace that actively managed mutual fund with a passively managed prudent alternative:

      All participants or beneficiaries of the Kraft Foods Global, Inc. Thrift Plan No. 125 who invested in the Balanced Fund between July 2, 2002 and December 31, 2009, and whose investment in the fund underperformed the passively managed Vanguard Balanced Index Fund. Excluded from the class are the Defendants and all of their officers and directors (named or unnamed).

9. Plaintiff Cathy Dunn is a member of the Balanced Fund class and the representative of that class because she was invested in the Balanced Fund during the class time period. R. 237 at *25.

10. Joinder of each of those class members as plaintiffs is impracticable, if not impossible. Fed.R.Civ.P. 23(a)(1).

11. Plaintiffs' claims concern questions of law and fact that are common to the classes because they concern duties that Defendants owed to all of the class members as a whole. Fed.R.Civ.P. 23(a)(2); *Spano v. Boeing Co.*, 633 F.3d 574, 585 (7th Cir. 2011) (in a defined contribution plan, "fund participants operate against a common background").

---

[2] Ex. 1 to Pla. Mem. in Response to Def. Mot. to Vacate Class Certification Order (sealed).

12. Plaintiff Dunn's claims are typical of the classes because they arise from the same events and course of conduct as give rise to the class claims and are based on the same legal theory. *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008).

13. Plaintiff Dunn has no claim or defense that is antagonistic to or in conflict with the claims of other class members, has a sufficient interest in the outcome of this case to ensure vigorous advocacy, and has attorneys who are competent, qualified, experienced and able to vigorously conduct this litigation. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011) (typicality "should be determined with reference to the [defendants'] actions, not with respect to particularized defenses [they] might have against certain class members") (internal quotations omitted); *George v. Kraft Foods Global, Inc.*, 270 F.R.D. 355, 368, (N.D. Ill. 2010).

14. There is "congruence between the investments held by the named plaintiff and those held by members of the class he or she wishes to represent." *Spano*, 633 F.3d at 586.

15. Because these claims are in the nature of a breach of trust by fiduciaries who owed duties to the everyone in each class, an adjudication of one class member's claim "as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]" Fed.R.Civ.P. 23(b)(1)(B); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833–34 (1999). Therefore, these claims are certifiable under Fed.R.Civ.P. 23(b)(1). *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (citing cases); *see also George*, 270 F.R.D. at 369 (quoting *Schering*, 589 F.3d at 604); *see also id.* at 370 (citing other cases).

16. In the alternative, should the Court not certify the above classes pursuant to Rule 23(b)(1), Plaintiffs submit that the above classes should be certified pursuant to Rule 23(b)(3) and provide class members the opportunity to opt out of this action.

17. Certification pursuant to rule 23(b)(3) is appropriate in that common questions of law and fact predominate over any questions that affect only individual participants and a class action is superior to other methods for fairly and efficiently adjudicating the controversy. Therefore, the claims are certifiable under Fed.R.Civ.P. 23(b)(3). *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

Therefore, Plaintiffs respectfully request that this Court certify the remaining claims in this case as articulated in the Court's Summary Judgment Order as a class action and appoint Schlichter, Bogard & Denton as class counsel under Fed.R.Civ.P. 23(g)(1).

    Respectfully submitted,

    SCHLICHTER, BOGARD & DENTON

    /s/ Troy A. Doles
    Jerome J. Schlichter, jschlichter@uselaws.com
    Nelson G. Wolff, nwolff@uselaws.com
    Troy A. Doles, tdoles@uselaws.com
    Jason P. Kelly, jkelly@uselaws.com
    120 W. Main Street, Ste. 208
    Belleville, IL 62220
    100 South Fourth Street, Ste. 900
    St. Louis, MO 63102
    Tel: 314-621-6115
    Fax: 314-621-7151
    Lead Counsel

> Thomas R. Meites
> TRMeites@mmmglaw.com
> Meites, Mulder, Mollica & Glink
> 20 S. Clark Street, Suite 1500
> Chicago, Illinois 60603
> Tel: 312-263-0272
> Fax: 312-263-2942
> Local Counsel

**CERTIFICATE OF SERVICE**

This is to certify that on November 15, 2011, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Troy A. Doles