IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD GEORGE, et al., | ) |
| Plaintiffs, | ) Case Nos. 1:08-cv-3799; 1:07-cv-1713 |
| v. | ) Magistrate Judge Nolan |
| KRAFT FOODS GLOBAL, INC., et al., | ) |
| Defendants. | ) |

## FINAL ORDER AND JUDGMENT

**NOLAN, Magistrate Judge:**

Wherefore, this 26th day of June, 2012, upon consideration of the Settling Parties' joint motion for final approval of the settlement of these actions (the "Class Actions") pursuant to the terms of a Class Action Settlement Agreement dated February 23, 2012, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, the following terms have the meanings listed:

    1.1 "Plan" means the Kraft Foods Global, Inc. Thrift Plan or any successor defined contribution plan to that plan that is offered by Kraft Foods Global, Inc. or its successor, but does not mean or include any defined contribution plan sponsored by the future corporate entity that will be the global snack business of Kraft Foods Inc. ("KFI") following the anticipated separation of KFI into two independent publicly traded companies;

    1.2 "Related Parties" means (a) each Defendant, (b) each Defendant's past, present and future parent corporation(s), and (c) each Defendant's past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and (c) with respect to (a) through (c) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plans (with the exception of the Plan), employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers, consultants, subcontractors, officers, directors, partners, agents, managers, members, employees, independent contractors, representatives, attorneys, administrators,

1

fiduciaries, insurers, co-insurers, reinsurers, controlling shareholders, accountants, auditors, advisors, consultants, trustees, personal representatives, spouses, heirs, executors, administrators, associates, members of their immediate families, and all persons acting under, by, through, or in concert with any of them.

1.3    "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any of the Settlement Class Members in any forum against any person or entity, that:

1.3.1   were asserted in the Class Actions, and any claims that might have been asserted in the Class Actions, arising under ERISA, or any other local, state, or federal statute or law (or any rule or regulation associated therewith or promulgated thereunder) or the common law, that arise out of, relate to, or are based on any of the allegations, acts, omissions, representations, misrepresentations, facts, events, matters, transactions or occurrences that are, were, or could have been alleged in, or otherwise related in any way to the Class Actions;

1.3.2   were asserted in the Class Actions' Complaints, Amended Complaints, pleadings, discovery, motions, briefs, memoranda, expert reports, or otherwise in the Class Actions;

1.3.3   relate to: (a) the selection, offer, oversight, and performance of any of the investment options currently or previously available under the Plan; (b) the fees, costs, expenses charged to, paid or reimbursed by the Plan; (c) the disclosures or failures to disclose information about the Plan, the investment options available under the Plan, the administration or operation of the Plan; (d) the selection or retention of any Plan service providers; (e) the alleged failure of fiduciaries to inform themselves of trends, developments, practices, and policies in the retirement, financial investment and securities industry which affect the Plan; (f) the alleged failure of fiduciaries to inform themselves of and/or to understand, the various methods by which vendors in the 401(k) industry collect payments and other revenues from 401(k) plans; (g) the alleged failure to prudently determine whether the fees and expenses paid by the Plan were reasonable and incurred solely for the benefit of Plan participants; (h) the alleged failure to communicate with Plan participants and beneficiaries regarding the Plan honestly, clearly and accurately; (i) the alleged failure to properly inform and/or disclose to Plan participants about the fees, costs and expenses that are, or have been, paid by the Plan; (j) the alleged failure to inform and/or disclose to Plan participants in proper detail and clarity the transactions, fees, costs and expenses which affect participants' accounts balances in connection with the purchase or sale of interests

in investment alternatives; (k) the alleged failure to discover, disclose and stop the charging of hidden and excessive fees and costs to the Plan; and/or (l) the alleged failure to appoint fiduciaries who lived up to their fiduciary duties, to monitor and oversee those fiduciaries in the performance of their duties, and to remove fiduciaries who breached their fiduciary duties;

1.3.4 relate to the approval by the Evercore Trust Company or the Kraft Foods Global, Inc. Benefits Investment Committee of the Settlement Agreement, unless brought against Evercore Trust Company alone;

1.3.5 relate to or arise out of the defense or settlement of the Class Actions, including any claim that the Settlement Agreement or any aspect of its implementation violates any applicable law or right of any Settlement Class member;

1.3.6 would be barred by the principle of *res judicata* had the claims asserted in the Class Actions been fully litigated and resulted in a final judgment; or

1.3.7 pertain to any conduct related to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund established by the Court's prior orders to the Plan or any member of the Settlement Class pursuant to the Plan of Allocation set forth in the Settlement Agreement; provided,

1.3.8 the Released Claims shall not include any claims that cannot be waived by law.

1.4 The Settlement Class refers to the class established by the Court's order dated February 29, 2012.

1.5 "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves and each of the Settlement Class Members.

2. In accordance with the Court's Orders, and as determined by this Court previously, notice was timely given to all members of the Settlement Class who could be identified with reasonable effort was published on the website maintained by Class Counsel, and pursuant to the Class Action Fairness Act. 29 U.S.C. § 1711, *et seq.*, was provided to the Attorneys General for each of the states in which a Settlement Class Member resides and the Attorney General of the United States.

3. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable

3

n/a

under the circumstances; and due and sufficient notices to all people, powers and entities entitled thereto of the fairness hearing and the rights of all Settlement Class Members has been provided.

4. All requirements of the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, have been met.

5. Each and every Objection to the settlement is overruled with prejudice.

6. The motion for final approval of the settlement is hereby GRANTED, the settlement is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

7. The operative complaints and all claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Settlement Class, or derivatively to secure relief for the Plan are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

8. Each member of the Settlement Class and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns, hereby fully, finally and forever settles, releases, relinquishes, waives and discharges Defendants, the Plan and all Related Parties from the Released Claims, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed;

9. The Plan and Each member of the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) on behalf of the Plan, hereby fully, finally and forever settles, releases, relinquishes, waives and discharges Defendants and Related Parties from Released Claims, whether or not such Settlement Class Members have executed and delivered a Former Participant Claim Form, whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed;

10. The Settlement Class Members and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding), any cause of action, demand or claim on the basis of, connected with, arising out of, or substantially related to, any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement pursuant to the procedures set forth in the Settlement Agreement;

11. Class Counsel, the Settlement Class Members, or the Plan may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, the Plan and the Related Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, each Settlement Class

Member and the Plan hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims;

12. Each Settlement Class Member and the Plan hereby settles, releases, relinquishes, waives and discharges any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Settlement Class Members with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. Each member of the Settlement Class shall hold harmless Defendants, Defense Counsel, the Related Parties, and the Plan for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

14. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant;

15. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

16. With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan's Administrator pursuant to the applicable law and governing Plan terms;

17. At a reasonable date following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment;

18. Upon entry of this Order, all Settlement Class Members and the Plan shall be bound by the Settlement Agreement and by this Final Order.

**SO ORDERED:**

DATED: 6/26, 2012

s/ Nan R Nolan

Nan R. Nolan

United States Magistrate District Judge